STATE OF IOWA, Appellee, v. G. L. BARTON, Appellant.

**INTOXICATING LIQUORS:** Nuisance—Evidence—Identification of Exhibit. An exhibit in the form of alleged intoxicating liquors which were seized under a search warrant, when otherwise fully identified, is not rendered inadmissible because the liquors were left for a very brief time with the justice of the peace, under circumstances which rendered very remote the possibility of tampering. (See Book of Anno., Vol. 1, Sec. 1924, Anno. 22 *et seq.*)

INTOXICATING LIQUORS: Evidence—Presumption from Attempted
2   Destruction. The attempt on the part of a person to destroy a
    liquid while the officers are searching his premises under a warrant
    constitutes prima-facie proof that the liquid was intoxicating, and
    intended for unlawful purposes.

INTOXICATING LIQUORS: Nuisance—Character and Use of Utensils
3   —Instructions. In a prosecution for nuisance, a requested instruc-
    tion by the defendant as to the effect of the possession, use, and
    character of utensils found in defendant's place of business may be
    so modified as to present both the theory of the defendant and of the
    *State.*

Headnote 1:   16 C. J. p. 620.   Headnote 2:   16 C. J. p. 541; 33 C. J.
p. 742.   Headnote 3:   33 C. J. p. 791.

Headnote 1:   8 R. C. L. 180.   Headnote 2:   10 R. C. L. 884.

*Appeal from Plymouth District Court.*—C. C. BRADLEY, Judge.

OCTOBER 26, 1926.

The defendant was convicted of the crime of maintaining a
liquor nuisance, and from a judgment imposing fine and im-
prisonment appeals.—*Affirmed.*

*C. D. Roseberry* and *J. T. Keenan,* for appellant.

*Ben J. Gibson,* Attorney-general, *Earl F. Wisdom* and *Neill
Garrett,* Assistant Attorney-generals, and *George W. Sturges,*
County Attorney, for appellee.

STEVENS, J.—I.   On October 24, 1925, one Barney Berg,
who had a search warrant in his possession, went with Sam Lang,
a deputy sheriff, to appellant's place of business in LeMars, and
made a search thereof for intoxicating liquors. Berg preceded
Lang into the building, but the search was commenced after Lang
entered. The evidence introduced by the State tended to show
that, when Lang entered the premises, he announced that he had
a search warrant; that Berg leaped over a counter and sought to
obtain possession of a pitcher sitting on the ledge of an iron
sink; that he was immediately grappled by appellant, who suc-
ceeded in emptying the contents of the pitcher into the sink;
that Berg was able to soak some of the contents up in a towel

lying in the sink; that the pitcher, towel, some glasses, and other utensils were seized and carried away by the searching party to the office of the local justice of the peace who issued the search warrant; that the towel was placed in the pitcher or vessel from which the contents were poured into the sink; that it was left for a brief time at the office of the justice, and then taken by the deputy sheriff to his office in the courthouse, and the contents of the towel wrung out into the pitcher. The liquid thus obtained was poured into a clean bottle, sealed, and later delivered to a chemist for analysis. The analysis disclosed the presence of 11.4 per cent alcohol. Appellant denied most of the incriminating facts and circumstances above detailed, and was to some extent corroborated by others who were present at the time of the search.

The chemist who made the analysis was introduced as a witness by the State over appellant's objections that the evidence disclosed that the liquor was not kept constantly in the possession of the sheriff or the chemist; that it was left in the office of the justice of the peace, where other persons were present and could easily have tampered with it; and that other persons had access to the bottle, both in the office of the sheriff and of the chemist. The rule that, to entitle the State to introduce this testimony, the chain of evidence tracing the possession of the exhibit from the accused to the final custody of the witness must be established, is applicable here. *Joyner v. Utterback,* 196 Iowa 1040. The evidence shows that several persons who smelled of the towel, testified that it apparently was saturated with alcohol. The only possible weak link in the testimony is that the sheriff left the towel in the pitcher for a brief time in the office of the justice of the peace. The possibility that it was, or could have been, tampered with in the presence of the justice is too remote to justify the exclusion of the exhibit from the consideration of the jury. We think the testimony of the State sufficient to sustain the court's ruling. The testimony on behalf of appellant tended to show that the towel was used to wipe the bar and sink; that fruit juices contain more or less alcohol when they become sour. And, therefore, it is claimed that the evidence that the liquid in question was that dumped from the pitcher

1. INTOXICATING LIQUORS: nuisance: evidence: identification of exhibit.

leaves too much to speculation; but we think that it was for the jury to say what the facts were.

II.  The court instructed the jury that, if it appeared from the evidence that appellant dumped, or attempted to dump, the contents of the pitcher into the sink in the presence of the deputy sheriff during the time the premises were being searched, it would be presumed that the liquid was intoxicating.  This instruction, if justified by the facts, is authorized by Chapter 43, Laws of the Forty-first General Assembly.  It is true that the appellant denied that the pitcher contained intoxicating liquor, or that he poured, or attempted to pour, the same into the sink while the search was in progress.  Berg testified positively on this point, and he is corroborated by the deputy sheriff, to the extent, at least, that appellant grappled with Berg, and that it was necessary for him to separate them.  Whether appellant emptied the contents of the pitcher into the sink was a question of fact, and, if he did, the statutory presumption arose.  The court's instruction fully presented the claim and theory of appellant to the jury.  On the theory and the testimony of the State, the instruction was proper.

2. INTOXICATING LIQUORS: evidence: presumption from attempted destruction.

III.  The court in another paragraph of its charge instructed the jury that, in determining whether intoxicating liquors were kept for sale by appellant, the evidence relating to utensils and articles kept therein, and their character and use, together with all of the other facts and circumstances shown in determining the guilt or innocence of appellant, was admissible.  This instruction was perhaps induced by a paragraph thereof which appellant requested the court to give to the jury. The requested instruction was to the effect that the possession of the utensils and vessels seized created no presumption that same were being kept or used in the sale of intoxicating liquors, and that the defendant should not be convicted upon this evidence alone.  The requested instruction was given as a part of the one complained of.  We see no error in the instruction.  It went no further than to state the converse of the requested instruction. Evidence of the direct sale of intoxicating liquors by appellant was also introduced by the State.

3. INTOXICATING LIQUORS: nuisance: character and use of utensils: instructions.

The sufficiency of the evidence to sustain the conviction is

challenged. What is said above sufficiently disposes of the contention of appellant on this point. We find no error in the record, and the judgment of the court below is affirmed.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.