**Lark HUNT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1966.

Joe P. Tackett, Prestonsburg, for appellant.

Robert Matthews, Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Having been convicted of the offense of selling alcoholic beverages in local option territory, KRS 242.230, Lark Hunt has filed a motion for appeal seeking to reverse the judgment imposing punishment of imprisonment for 45 days and a fine of $50.00. KRS 21.140(2). The chief contention of appellant relates to the failure of the trial court to compel the prosecutive officials to furnish the name of an informer.

Appellee suggests in its brief that the motion for appeal should be denied because the record on appeal was filed one day later than permitted by RCr 12.58. We consider that appellee waived that point by its failure to make timely motion to invoke the rule. RCr 12.58 is a counterpart of CR 73.08. As observed in Elam v. Acme Well Drilling Co., Ky., (decided September 30, 1966), failure to seasonably move for dismissal of the appeal effectively waives any right to demand dismissal for late filing. The same principle is applicable in the case at bar.

Under former Criminal Code Section 336(3), (4), this court held in a series of cases that the failure to file the record within 60 days was irretrievably fatal. See Patton v. Commonwealth, Ky., 247 S.W.2d 38, and cases collected in 6 Ky.Dig. 2, Criminal Law, ☞ 1106(2), (3). It is to be observed that former Criminal Code Section 336(3) provided that filing an appeal in a criminal case was taken by lodging a certified transcript of the record in the Clerk's office of this court. However, RCr 12.52(1) provides that such an appeal is now taken by filing a notice of appeal with the circuit court. As observed in Clay, CR 73.08, Author's Comment 6, p. 358, the time for filing the record in a civil appeal is not jurisdictional; late filing may be waived. So it is in a criminal appeal. Our cases under former Criminal Code Section 336 to the contrary are no longer authoritative on this point.

On January 27, 1966, the indictment was returned against the appellant by the terms of which it was charged, in part, that appellant: "Sold to another person six 16 oz. cans of beer for $3.00 in Local Option Territory."

On February 1, 1966, appellant, by counsel, moved for a bill of particulars as authorized by RCr 6.22, and specifically requested that the prosecution be required to furnish the name of the individual referred to as "another person" in the indictment. By an order entered March 31, 1966, the trial court sustained the motion for the bill of particulars, and directed that the prosecution officials furnish the

name of the person referred to. In the order the court directed that such information should be furnished " * * * so that the defendant will have time within which to investigate the matter and be ready for trial on the date the case is set, April 22, 1966."

On April 18th, 1966, the Commonwealth's Attorney filed a statement in the nature of a bill of particulars in which it was recited that Garry Johnson (a state police officer) was the purchaser of the alcoholic beverages from the defendant-appellant. The statement pointed out that Garry Johnson had subscribed an affidavit on November 11, 1965, in which he had recited that he had been the purchaser in the case.

When the case was called for trial, appellant stated to the court that he was not ready for trial because he had not been furnished the name of an informer who had allegedly accompanied Officer Johnson at the time of the asserted sale of the contraband beverages. It was made known that Officer Johnson had testified before the grand jury that he had been accompanied by such an informer, but had professed that he did not know the name of the informer. The officer had related to the grand jury that the informer had been made available to him by an agent of the Alcoholic Beverage Control Board, but when the latter officer was called before the grand jury he was not able to furnish the name of the informer. In short, the appellant was never able to elicit the information identifying the informer.

■ Appellant insists that the failure of the Commonwealth to advise him of the informer's identity prevented his having a fair trial. We are not able to accept the contention. In the first place, appellant made no affidavit or other representation to the trial court as to what he expected to prove from the lips of the unnamed informer. RCr 9.04 precludes appellant's right to assert that he was prejudiced by not having the "evidence" of the informer—he has never told any court what

"evidence" he expects from the informer. Thus, he demonstrates no prejudicial error. RCr 9.24.

Additionally, we are unaware of any rule or reason which would require the prosecution to disclose to the defense all of its apparatus in the matter of crime detection and law enforcement. Confidential informants play an important role in law enforcement. It is quite obvious that such informants would be materially stifled as sources if their identity could be demanded by the accused. This is not a case involving confrontation of an accuser, nor it is one in which the reasonableness of a search warrant may be tested only if the source of the affiant's knowledge is disclosed. Here the officer's testimony alone was fully sufficient to prove every element of the crime; there was no search or search warrant. For these reasons we conclude that there is no merit in appellant's contention.

The motion for appeal is denied, and the judgment is affirmed.