STATE OF NEBRASKA, APPELLEE, v. WASH A. ALLEN, APPELLANT.

164 N. W. 2d 662

Filed February 7, 1969. No. 36860.

A. Q. Wolf and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

MORAN, District Judge.

The defendant, Wash A. Allen, was tried before a jury and was convicted of robbery. His motion for new trial was overruled and he has appealed. He assigns as error admission into evidence of a cigarette lighter, part of a roll of mints, and $4.43 in money.

The victim testified that on the afternoon of June 12, 1967, he was seized from behind while walking on the sidewalk in Omaha, Nebraska. He was forced to the sidewalk, and a cigarette lighter, a partial roll of mints, and approximately $5 in cash and currency were re-

moved from his pockets by two assailants. He identified the defendant as one of them.

Two Omaha police officers were in the area. Their attention was directed to the crime by a passerby, and immediately after the robbery the defendant and another man were seen by them in an alley a short distance from the scene of the crime. Ray E. Hunt, one of the officers, testified that as he approached the defendant he saw him throw a silver colored object into the weeds about 2 or 3 feet away. Hunt went to the area and picked up a cigarette lighter which he identified at the trial as the lighter he retrieved from the weeds. He searched the area and found no other shiny objects. He kept the lighter and later turned it in to the evidence vault of the Omaha police department. Hunt testified that it was in substantially the same condition as it was when he first picked it up out of the weeds. The victim testified that the lighter was his. He identified it by the wick and nicks and scratches on it from hitting it on farm machinery and the like.

The other officer, Robert Hrbek, testified that as he approached the defendant he saw what appeared to be money in his left hand. The defendant put his left hand into his coat pocket as the officer ran to him. Hrbek seized the defendant. He placed his hand in the defendant's left coat pocket and removed $4.43 in cash and a partial roll of mints from defendant's hand and the pocket. He later placed these items in a property envelope and turned the envelope in to the desk at the Omaha police department. At the trial Hrbek identified the roll of mints as those which he removed from the defendant's coat pocket, and he stated that they were in substantially the same condition then as when he took them from the defendant. He also testified that the money produced at the trial was the money which he turned in at the desk at the police station.

The victim testified that the mints were the same type as those he had in his pocket before the robbery,

and that prior to the robbery he had two or three one-dollar bills and $1 or $1.50 in change.

The defendant denied committing the crime.

Defendant contends that the foundation for the admission of the items of property into evidence was insufficient. He argues that the identity of the objects admitted in evidence must be established by tracing their possession through every hand that held them, and that failure to produce the testimony of their custodian from the date they were turned in at the desk at the police station to the date of trial renders them inadmissible. This is not the law. Defendant's argument goes to credibility, not admissibility.

The trial court's determination of the admissibility of demonstrative evidence will not be overturned except for a clear abuse of discretion. State v. Huffman, 181 Neb. 356, 148 N. W. 2d 321.

The objections to the sufficiency of foundation were general. In such a case the evidence is admissible in the absence of clear error. Redman Industries, Inc. v. Morgan Drive Away, Inc., 179 Neb. 406, 138 N. W. 2d 708.

In this case the identity of the property was the relevant factor. Cases of this type should be distinguished from those where identity of condition at points of time is required. In these cases the condition of the exhibit often forms the basis for expert opinion. In such cases the rule enunciated in State v. Huffman, *supra,* must be followed.

We hold that an exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given. It must also be shown to the satisfaction of the trial court that no substantial change has taken place in the exhibit so as to render it misleading. As long as the article can be identified it is immaterial in how many or in whose hands it has been. See, 32 C. J. S., Evidence, § 607a, p. 762; Lestico v. Kuehner, 204 Minn. 125, 283

N. W. 122; Brown v. General Motors Corp., 67 Wash. 2d 278, 407 P. 2d 461; Allen v. Porter, 19 Wash. 2d 503, 143 P. 2d 328.

The foundation laid in this case meets the test. The judgment of the district court is correct and it is affirmed.

AFFIRMED.