STATE OF NEBRASKA, APPELLEE, v. EDWARD J. NYDEGGER, APPELLANT.

180 N. W. 2d 892

Filed November 6, 1970. No. 37446.

C. E. Danley, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The defendant appeals from a jury verdict, judgment, and sentence for larceny. He contends that the evidence is insufficient to sustain a verdict and that there was error in the admissibility of evidence. We affirm the judgment and sentence of the district court.

The main thrust of the defendant's argument as to the insufficiency of the evidence is directed towards the failure to prove the corpus delicti of the crime and is interwoven with the argument that the evidence is entirely circumstantial and fails to meet the judicial test of sufficiency. We will treat these interwoven contentions together as they are argued in the defendant's brief.

The defendant was employed by R. L. Harris Associates in Beatrice, Nebraska. Sometime between the semiannual inventories of the Harris warehouse of No-

vember 1967 and April 1968, it was discovered by the manager that one of two Dayton 1-horse power electric motors, model 4K996, was missing from a caged-in area in which the warehouse inventory was kept in storage. The manager testified that it could not be taken out of the inventory in the caged-in area unless there would have been a record made of such use and the removal of the motor from inventory. Furthermore, this could not be done without the authority from the manager or someone superior to him. There was no record of removal of the motor for any such purpose, and the testimony was that there was no authority ever given for such removal. The defendant was employed by the warehouse and had free access to the caged-in area during this period of time. The company keeps complete records of all movements of merchandise from inventory, together with an explanation for each item leaving it. There was no indication in the company records of the removal of the motor on a customer-purchase order, which was the ordinary method of removing it from inventory. A Dayton 1-horse power electric motor, model 4K996, with a bent base was delivered to the Hawkins Auction Company in Beatrice, Nebraska, on or about January 19, 1968, by the defendant for sale. The purchaser, one Truman Garber, testified that he purchased exhibit 7 from the auction company which exhibit is the motor testified to which has a bent base.

The defendant testified in his own behalf that he purchased the motor from one Donald Radford and thereafter he had Radford take it to the Hawkins Auction Company in Beatrice. The defendant did not proffer Radford as a witness, notwithstanding the fact that he had testified that he had numerous contacts with Radford. His testimony supports the conclusion that he could not identify Radford or in any other way explain the transaction. He did not testify as to having made any effort to secure the attendance of Radford as a witness at the trial and his only explanation was that

he did not happen to know where Radford was "today" on the day of the trial. In a prosecution for larceny, the corpus delicti may be established by circumstantial evidence, and it is sufficient if the circumstances are consistent with the crime, even though they also may be consistent with innocence. 52A C. J. S., Larceny, § 129 (5), p. 656. In Andersen v. State, 141 Neb. 306, 3 N. W. 2d 447, this court held that larceny corpus delicti may be proved by evidence that property has been taken and removed without the owner's knowledge or consent. Here, of course, identification of the allegedly stolen property and the tracing thereof to the defendant aids in the proof of the corpus delicti, even though on the issue of the sufficiency of the evidence it is generally held that it is not required that the stolen property be recovered or, if recovered, that it be positively identified as the stolen property. See 52A C. J. S., Larceny, § 129 (5), p. 656.

Here in addition to the proof that the motor was stolen from the Harris warehouse, there is further unimpeached evidence that during the period in which the theft occurred the defendant had free access to the caged enclosure where the missing motor had been housed, and there is further evidence that, on the date alleged in the complaint, the defendant sold a motor of the exact description of the missing Harris motor. We do not hesitate in coming to the conclusion that the circumstantial evidence supporting the verdict of guilty and the establishment of the corpus delicti were sufficient.

As we have pointed out the evidence is sufficient to warrant the jury finding that the defendant was in possession of the motor and delivered it to the auction house. The defendant's explanation of his possession of the property was an unsatisfactory one and was a proper circumstance for the jury to take into consideration in connection with all of the other circumstances in the determination of guilt. We have recently said in a burglary conviction that the possession of recently stolen

property when coupled with a lack of a satisfactory explanation, or a false explanation, or other incriminating circumstances or conduct, is sufficient to support a verdict of guilty. State v. Solano, 181 Neb. 716, 150 N. W. 2d 585. See, also, State v. Thomas, 121 Utah 639, 244 P. 2d 653; State v. Ebel, 92 Mont. 413, 15 P. 2d 233; 12 C. J. S., Burglary, § 59, p. 736.

The next contention of the defendant is that the motor sold by the defendant was improperly admitted into evidence. The evidence positively establishes that a Dayton 1-horse power electric motor, model 4K996, disappeared from the warehouse between November 1967 and April 1968 during the period of time that the defendant was an employee of Harris and had free access to the enclosure where the missing motor was last known to be. The witness, Armstrong, a clerk for the auction house testified that the defendant on the date alleged in the complaint, consigned a motor to the auction house for sale and that such motor was thereafter purchased by Truman Garber. We think the proper rule under these circumstances is that in order to make evidence of possession admissible the identity of the property need not be *absolutely established*. It ordinarily is sufficient if the property found in the possession of the accused or shown to have been disposed of by him is of the same character and appearance as that stolen, and such circumstantial evidence with respect thereto is admissible. 52A Larceny, § 126(a), p. 630. In State v. Allen, 183 Neb. 831, 164 N. W. 2d 662, the victim of a robbery testified that there was taken from him a cigarette lighter, a partial roll of mints, and approximately $5 in cash consisting of currency and coins. He could not positively identify certain of the State's exhibits as being his lighter, mints, and money, except that they were of the same type or description. This court found that these exhibits were admissible in evidence and that the argument of the defendant only went to the credibility and weight of this testimony and not to its admis-

sibility. Here, we note that the motor was identified as a Dayton 1-horse power electric motor, that it was model 4K996, and that the motor that Truman Garber purchased had a bent base on it, the same as appeared in visual inspection of exhibit 7. We come to the conclusion that exhibit 7, being the motor consigned for sale to the auction house, was properly admissible in evidence and sufficient for the jury to consider in the determination of the guilt or the innocence of the defendant.

Other errors are assigned but not argued in the brief. We have examined them and found them to be without merit.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.

BOSLAUGH, SPENCER, and McCOWN, JJ., dissenting.

The corpus delicti may be proved by circumstantial evidence, but it must be established by evidence beyond a reasonable doubt to sustain a conviction. MacAvoy v. State, 144 Neb. 827, 15 N. W. 2d 45. To justify a conviction on circumstantial evidence it is necessary that the facts and circumstances essential to the conclusion sought be proved beyond a reasonable doubt and, when taken together, be inconsistent with any reasonable hypothesis of innocence. State v. Williams, 183 Neb. 257, 159 N. W. 2d 549. If the facts and circumstances proved are consistent with innocence, the evidence is not sufficient to sustain a conviction.

CARTER, J., concurring.

The dissent filed in this case purports to incorrectly apply a rule of law that is too often misunderstood. It should not be permitted to stand unchallenged.

It is true, of course, that a crime may be proved by circumstantial evidence. It is the rule that in instructing a jury in such a case, the jury must be informed that in order to convict it must find that the circumstantial evidence is of such character that the facts when taken together must be consistent with each other

and with the conclusion sought to be established thereby, and inconsistent with any reasonable hypothesis of innocence. NJI 14.50, p. 318. The rule is one for the guidance of the jury only in considering circumstantial evidence in a criminal case.

But on review after conviction, in a circumstantial evidence case, the only question on appeal in determining the sufficiency of the evidence is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. Such rule is usually stated as follows: After a jury has considered the evidence in the light of this rule and returned a verdict of guilty the verdict on review may not, as a matter of law for insufficiency of evidence, be set aside if the evidence sustains some rational theory of guilt. Hoffman v. State, 162 Neb. 806, 77 N. W. 2d 592; State v. Ohler, 178 Neb. 596, 134 N. W. 2d 265; State v. Williams, 183 Neb. 257, 159 N. W. W. 2d 549; State v. Reeder, 183 Neb. 425, 160 N. W. 2d 753.

If this were not the rule, this court would be reviewing the evidentiary test given to the jury in a circumstantial evidence case by weighing the evidence and determining the credibility of the witnesses. This is a jury function and not that of this court. I submit that the dissenting opinion is completely in error and in no way detracts from the correctness of the court's opinion.

WHITE, C. J., SMITH, and NEWTON, JJ., join in this concurrence.