The STATE of Iowa, Appellee,

v.

Michael Dean UBBEN, Appellant.

No. 54381.

Supreme Court of Iowa.

May 5, 1971.

McCarthy & Hart, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

RAWLINGS, Justice.

Charged with the crime of murder, defendant entered a not guilty plea. Trial jury found him guilty in the second degree. From sentence accordingly entered he appeals, challenging admission in evidence of three real or demonstrative exhibits. We affirm.

By information the State alleged Michael Dean Ubben, on January 20, 1970, shot and killed his wife Sandra. Defendant admitted the shooting, but claimed it was accidental.

In course of trial Exhibits 9, 10 and 13, being respectively the victim's coat, culottes and a spent bullet removed from her body, were introduced in evidence over defendant's objection.

The sole error relied on for reversal is, in substance, trial court erred in allowing evidential use of the aforesaid exhibits because the State failed to establish a foundational unbroken chain of possession.

This compels an examination of the factual situation.

Exhibits 9, 10 and 13 were sent to the Federal Bureau of Investigation Laboratory in Washington, D.C., for analysis. Up to that point they were totally unaltered and their chain of possession is not questioned. These exhibits were received by F.B.I. Agent Allison Semmes. His testimony discloses the coat and culottes were tested by him for presence of blood.

F.B.I. Agent James Daniel Beck received these three items from Semmes. Testifying on rebuttal, this witness stated he conducted a chemical and microscopic examination of the coat for gun powder residues, but found none. His inspection of the spent bullet, Exhibit 13, revealed it was fired from a 25 caliber automatic hand weapon as opposed to a revolver. *This witness did not say the exhibits were, at time of trial, in substantially the same condition as when inspected by him.* Agent Beck might well have testified the articles involved were in the same condition when offered in evidence as they were when received by him, if such is the fact. State v. Grady, 183 N.W.2d 707, 711 (Iowa).

On the other hand Agent Semmes testified: "I was the lead examiner. I received packages of items of evidence from both the Rock Island, Illinois Police Department and the Davenport, Iowa Police Department. These packages were received in good condition at the time I received them. The items were pretty much retained by me or under my jurisdiction and control. * * * I examined the coat and culottes for blood. I found Group 'O' human blood on each item. * * * I have examined the coat which is State's Exhibit 9. I notice some initials on that, A.C.S. They are mine. There are other markings on the coat that I could tell that we had them as evidence. I placed my initials on each item itself. There are pieces of tape with arrows on them which are stapled on the coat. This is my work. The purpose was to designate the areas on the coat that I tested for the presence of

blood. I removed a portion of it. There were other holes in the coat, that is, other than what I had made. * * * The coat is a rather loose weave coat. The hole in the left shoulder area is a different hole from those holes I cut in the garment by which I placed numbers or letters to indicate where I placed them. However, there is an additional hole which I did not cut in the garment which appears to be a wear hole. The hole I have talked about in the coat was one that I did not put there myself. *These items are in the same condition substantially now as they were at all times when I had general jurisdiction and control of them in the lab.*" (Emphasis supplied).

Other witnesses testified to the same effect.

Donald Joseph Vieger, Detective Sergeant, Davenport Police Department, found the body, was present at a subsequent autopsy, received Exhibits 9 and 10 from Dr. Ketelaar, and made no changes in them. In course of his testimony Officer Vieger stated: *"Exhibits 9 and 10 are in substantially the same condition now as when they were removed from the body."* (Emphasis supplied).

With regard to the spent bullet, Exhibit 13, Officer Carl Meyer, a detective, Davenport Police Department, being recalled, related he was present when that item was removed from the body of Sandra Ubben. This witness said: "The exhibit itself is a small calibre slug. I can identify it since I placed an 'M' on the base of this slug, on the slug itself. I first saw that slug at the autopsy room at St. Luke's Hospital. I was present when the autopsy was performed on the body of Sandra Ubben, and Dr. Ketelaar gave me the slug. I took it to the Davenport Police Station. *The slug is in substantially the same condition now as it was when I got it from Dr. Ketelaar."* (Emphasis supplied).

Moreover, Eugene Sternberg, a Davenport Police Department Lieutenant, custodian of property and evidence, testified he received Exhibits 9 and 10 from Detective Vieger and another officer on February 1, 1970. Mr. Sternberg sent them to the F.B.I. laboratory. He stated: "I did not make any changes or alterations of any kind or nature in and to any of these exhibits. *They are in substantially the same condition now as they were when I first received them. There are some other markings and things like that, but aside from that they are substantially in the same condition."* (Emphasis supplied).

I. Under these circumstances the views expressed in State v. Limerick, 169 N.W.2d 538 (Iowa) are instantly applicable. We there said, at 169 N.W.2d 541–542:

"In passing on the admissibility of exhibits where a break in the chain of custody is shown, we have ordinarily held the failure to account for undisturbed possession goes to the weight of the evidence rather than its admissibility. State v. Shilinsky, 248 Iowa 596, 599, 81 N.W.2d 444; State v. Ford, 259 Iowa 744, 748, 749, 145 N.W.2d 638. We have consistently applied this rule and held the evidence properly admitted as within the discretion of the trial court where the exhibits consisted of solid objects, not easily susceptible to undetected alteration, such as money, State v. Shilinsky, supra; hammer and gun, State v. Ford, supra; a gun, State v. Johnson, Iowa, 162 N.W.2d 453; clothing and a body, State v. Parker, Iowa, 151 N.W.2d 505, 508; matches and glasses, State v. Post, 255 Iowa 573, 123 N.W.2d 11. Where the possibility of alteration of an exhibit is slight, the materiality of the alteration remote, and the exhibit has otherwise been properly identified we have dispensed with a showing of continuous custody."

"The rule followed in this jurisdiction is found in second paragraph of 29 Am. Jur.2d Evidence, section 774, page 845: 'The party offering the object or article in evidence must also show that, taking

**628**

all the circumstances into account, including the ease or difficulty with which the particular object or article could have been altered, it was reasonably certain that there was no material alteration. It is not necessary that an object or article which is offered in evidence should be in precisely the same condition at the moment of its offer as at the time when it played a part in the occurrence which gave rise to its offer in evidence, but the change in its condition must not have been wrought for unjustifiable purposes, and it must not be of sufficient moment that the exhibit will mislead.' "

See State v. Hollins, 184 N.W.2d 676 (Iowa), opinion filed March 11, 1971; State v. Galvan, 181 N.W.2d 147, 151 (Iowa); State v. Parker, 261 Iowa 88, 91–93, 151 N.W.2d 505; State v. Hardesty, 261 Iowa 382, 390–391, 153 N.W.2d 464; State v. LaMar, 260 Iowa 957, 962, 151 N.W.2d 496; State v. Allen, 183 Neb. 831, 164 N.W.2d 662, 664; 32 C.J.S. Evidence §§ 601, 607; McCormick, Evidence, § 179; 1 Underhill's Criminal Evidence, Fifth Ed., § 116. Cf. State v. Carter, 161 N.W.2d 722, 727 (Iowa).

In light of State v. Limerick, *supra*, and other authorities cited, we find no reversible abuse of discretion by trial court in permitting exhibits 9, 10 and 13 to be introduced in evidence.

II. Although defendant does not assign as error the calling of officer Beck as a rebuttal witness, some allusion thereto is made in argument. This is not therefore an issue necessarily reviewable on appeal. It has been considered, however, in light of The Code 1966, Section 793.18, but found to constitute no basis for reversal. State v. Willey, 171 N.W.2d 301, 302–303 (Iowa). See Zurich v. Wehr, 163 F.2d 791, 793–795 (3 Cir.).

Affirmed.

All Justices concur, except REYNOLDSON, J., who takes no part.