**STATE of Iowa, Appellee,**

v.

**George BATTLE, Appellant.**

No. 54879.

Supreme Court of Iowa.

June 29, 1972.

Dan Stamatelos, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

MOORE, Chief Justice.

Defendant, George Battle, appeals from conviction and sentence for the crime of being a bootlegger, as defined in Code section 123.59. We affirm.

The evidence adduced at trial disclosed that on September 18, 1970, Robert Kessler, a Creston police officer, was assigned to the Des Moines Police Department as an undercover agent. Late that night he was sent out to attempt to buy liquor from a bootlegger. After picking up three women, one of whom was a police informer, Kessler drove to 1005 Enos Street where he met for the first time Roger and Tony Page. In response to Kessler's offer to buy beer for all, Roger directed Kessler to drive to 1230 10th Street. They were met at the house door by defendant who readily admitted all except Kessler. He gained admission after Roger Page said, "He's okay, he's with me." All but Kessler joined about 20 other persons who were drinking in the dining room. Kessler followed Battle into the kitchen where he paid for a round of drinks.

Kessler remained in the kitchen where later he made a five-dollar carry-out purchase of whiskey in a corked Coke bottle. This purchase was made from Battle without witnesses and is the basis of the charge

here. Subsequently Kessler delivered to Des Moines police officers the Coke bottle and contents.

At trial defense counsel on cross-examination attempted to learn from Kessler the identity of the female informer. The trial court ruled the State could withhold her identity on the grounds disclosure would subject said informer to jeopardy of her life; defendant had the names of the two men and failed to secure them as witnesses; and "defendant has shown no substantial reason to believe that said informer would have information which would be of advantage to the defendant. * * *." This adverse ruling gives rise to defendant's first assigned error.

I. It is a general rule, subject to certain limitations, that the prosecution is privileged to withhold from disclosure the identity of persons who furnish to police officers information relating to law violations. The privilege rests on public policy, and seeks to further and protect the public interest in effective law enforcement. Disclosure to defendant of an informer's identity is required where it would be relevant and helpful to the defense, i. e. when the informer was a participant in, or a witness to, the crime charged. The extensive annotations found in 76 A.L.R.2d 262 and 1 L.Ed.2d 1998 cite the prime authorities establishing the above legal principles which now apparently are recognized by all courts. We do so in State v. Denato, Iowa, 173 N.W.2d 576, 577, 578.

In the polestar case of Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639, 646, the court said:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the pos-

sible defenses, the possible significance of the informer's testimony, and other relevant factors."

The burden of showing need for disclosure is upon defendant. Mere speculation an informer may be helpful is not enough to carry the burden and overcome the public interest in the protection of the informer. United States v. Kelly, 9 Cir., 449 F.2d 329, 330; United States v. Estrada, 9 Cir., 441 F.2d 873, 879; United States v. Ruacho-Acuna, 5 Cir., 440 F.2d 1199, 1200; United States v. McCarthy, S. D.New York, 292 F.Supp. 937, 941; State v. Martinez, 15 Ariz.App. 430, 489 P.2d 277, 279, 280; Hunt v. Commonwealth, Ky., 408 S.W.2d 182, 184 (facts very similar to case at bar). See also 76 A.L.R.2d 262, section 13b, page 298.

Defendant here failed to meet his burden. Mere request on Kessler's cross-examination for the name of the female informer indicates speculation on the relevancy of her testimony. Defendant made no attempt to show need of disclosure. Moreover the record affirmatively shows she was not a participant in or witness to the alleged offense. Defendant's first assigned error is without merit.

II. At trial much testimony was received concerning one "Chin" and "Chin's Place." Officer Bierma testified the residence at 1230 10th Street was known as "Chin's Place" and "George's Place." Des Moines police officers working with Kessler observed him enter the house at 1230 10th Street and soon after his departure therefrom took possession of the Coke bottle and sealed it. For identification they labeled it with defendant's name and "Chin's Place." It (exhibit A) was received in evidence without objection to its label. Detective Hansen testified he knew the residence in question to be called "Chin's Place." He further testified, over defendant's objection that it was not relevant and of no probative value, that he knew Chin and had seen him talking with defendant during a trial recess. Defendant's second

assigned error asserts the trial court erred in overruling objection to this latter testimony.

Relevancy means the logical relation between the proposed evidence and a fact to be established. Evidence must generally have probative value to be relevant. State v. Wilson, Iowa, 173 N.W.2d 563, 565, and citations.

We have often held the question of relevancy and materiality of evidence rests within the sound discretion of the trial court. State v. Anderson, Iowa, 159 N.W. 2d 809, 815, and citations.

We believe Hansen's testimony had some probative value on the question of a separation of identities as between defendant and Chin. We hold the trial court did not commit reversible error in overruling defendant's objection.

III. Defendant next urges the Coke bottle and contents should not have been admitted into evidence because the bottle was not properly secured to preclude tampering. After leaving 1230 10th Street, Kessler turned the bottle over to Des Moines police officers. Officer Bierma sealed, initialed and placed it in his property locker. Only one other officer had a key to that locker. Bierma testified he delivered the bottle to Dr. Luka in the same condition that it was when placed in the locker. Dr. Luka kept the bottle in a cabinet in a locked office. Three people had access to the office. At trial Dr. Luka testified the bottle was then in the same condition as when he received it from Bierma, except a small amount of the contents had been used for an analysis.

In State v. Perry, 246 Iowa 861, 869, 870, 69 N.W.2d 412, 417, which involved facts very similar to those of this case, we say: "It is true it must appear that a continuous chain of control was exercised over any such exhibit which is offered into evidence, and that the exhibit was in substantially the same condition when offered as when seized. If there is sufficient

proof that the exhibits offered were the same as those taken, and their contents were in the same condition when analyzed and introduced as when taken, they are admissible. The preliminary proof in this respect is for the court. (Citations)." Like pronouncements are found in State v. Ubben, Iowa, 186 N.W.2d 625, 627, 628; State v. Grady, Iowa, 183 N.W.2d 707, 711; State v. Limerick, Iowa, 169 N.W.2d 538, 541, 542, and citations.

Here testimony at trial supports a finding the bottle and contents when offered were in substantially the same condition as when purchased by Kessler. The chain of control was continuous. The possibility of tampering was indeed remote.

IV. Finally defendant asserts he did not receive a fair trial. After thorough study of the record and trial transcript we do not so find.

Having found no reversible error, the judgment of the trial court must be affirmed.

Affirmed.

All Justices concur, except Mc-CORMICK, J., who takes no part.