**STATE of Iowa, Appellee,**

v.

**Linda Louise BURTON, Appellant.**

**No. 55233.**

Supreme Court of Iowa.

Oct. 18, 1972.

W. Lawrence Oliver, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

PER CURIAM.

Defendant was charged, tried, convicted and sentenced for illegal sale of a narcotic drug in violation of Code section 204.2. She has appealed. We affirm.

She asserts the trial court erred in admitting exhibit A into evidence and overruling her motion for a directed verdict.

Undercover agent Al Maxey testified that on December 10, 1970, together with a known drug addict, he went to 1340 13th Street in Des Moines, where he purchased "three caps" from defendant. Each contained a tannish-colored substance. The three capsules were soon thereafter turned over to Sergeant Richard Lamb of the Des Moines Police Department. Maxey and Lamb initialed a white piece of paper and placed it and the three capsules in a plastic bag which was then sealed. Lamb testified he retained exclusive possession of the bag and contents until he delivered it to state chemist Don Booten. Booten analyzed one capsule which he found to contain heroin. He resealed the plastic bag and a few days before trial delivered it to Michael E. Hansen, the prosecutor. At trial Maxey, Lamb and Booten each testified the plastic bag and its contents, then marked exhibit A, were in their original condition except one capsule had been broken open. Defendant argues failure of the prosecutor to testify created a fatal break in the chain of possession and therefore the trial court erred in admitting exhibit A into evidence over her objection on that ground. We do not agree.

I. We have rather recently considered and stated the applicable "chain of possession" evidentiary rules. They need not be repeated at length. See State v. Ubben, Iowa, 186 N.W.2d 625; State v. Grady, Iowa, 183 N.W.2d 707; State v. Limerick, Iowa, 169 N.W.2d 538 and citations.

In State v. Battle, Iowa, 199 N.W.2d 70, 72, 73, filed June 29, 1972, which involves facts very similar to those in the case at bar, we quote this from State v. Perry, 246 Iowa 861, 869, 870, 69 N.W.2d 412, 417:

"It is true it must appear that a continuous chain of control was exercised over any such exhibit which is offered into evidence, and that the exhibit was in substantially the same condition when offered as when seized. If there is sufficient proof that the exhibits offered were the same as those taken, and their contents were in the same condition when analyzed and introduced as when taken, they are admissible. The preliminary proof in this respect is for the court. (Citations)."

■ Testimony of the prosecutor who had possession of exhibit A after the chemist had resealed it subsequent to his analysis was unnecessary in view of the testimony of Maxey, Lamb and Booten that its contents were the same as when first received by each of them. See Critelli v. Tidrick, 244 Iowa 462, 56 N.W.2d 159; State v. Barton, 202 Iowa 530, 210 N.W. 551.

■ II. Defendant's second contention is the evidence was insufficient to establish her identity as the seller of the three capsules. Maxey, an experienced Lincoln, Nebraska, police officer, on special assignment to Des Moines, on trial identified defendant in person and by name as the person he paid $21 for the three capsules. His credibility was for the jury and not for the court. State v. Parkey, Iowa, 200 N.W.2d 518, filed September 19, 1972; State v. Kaster, Iowa, 160 N.W.2d 856; 30 Am.Jur. 2d, Evidence, § 1143.

The record discloses substantial evidence reasonably tending to establish each essential element of the crime charged. The trial court therefore properly denied defendant's motion for directed verdict. State v. Williams, Iowa, 179 N.W.2d 756,

758; State v. Hunley, Iowa, 167 N.W.2d 645, 649 and citations.

We find no reversible error.

Affirmed.