STATE, Respondent v. SHANK AND BRADLEY, Appellants

(226 N.W. 2d 384)

(File No. 11329. Opinion filed February 27, 1975)

Galen Vaa, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Kermit A. Sande, Atty. Gen., Pierre, Arthur L. Rusch, State's Atty., Clay County, on the brief.

May, Johnson & Burke and John C. Quaintance, Sioux Falls, for defendants and appellants.

DOYLE, Justice.

The defendants, Kenneth Shank and Bradley Weber, were convicted by a jury of the crime of burglary in the third degree and sentenced to one year each in the South Dakota State Penitentiary. In this appeal defendants assert insufficiency of the evidence to sustain the verdict.

The crime of burglary in the third degree is defined in SDCL 22-32-9:

> "A person breaking or entering at any time * * * any structure or erection in which any property is kept, with intent to commit larceny or any felony, is guilty of burglary in the third degree."

On the night of January 24, 1973, at approximately 11:00 p.m., a number of people from the town of Irene, South Dakota, were summoned by an alarm system connected to a building about one mile east of the town. This building housed the John Deere dealership.

The people summoned by this alarm system included the town marshal, fire chief, some volunteer firemen, the manager of the John Deere dealership, his salesman, the sheriff and deputy sheriff of Clay County.

In essence, the testimony of the various witnesses was that when they arrived at the John Deere building they noticed a south door of the building standing open with a glass broken near the handle of the door. There were two heaters and a chain saw inside the south door which had been moved during the night from their original place in the building in the northeast section of the building. The doors in the building had been locked earlier that day when the manager closed the building around 6:00 p.m. One witness testified he saw two figures moving inside the building around 6:00 p.m. One witness testified he saw two figures moving inside the building, and other witnesses testified they saw two figures running from the direction of the building, cross a fence and enter a field. One witness fired a gun in the air trying to stop the figures. Some of the witnesses followed the figures in a four-wheel-drive vehicle as far as it could go, then

followed footprints in the snow for about one and three quarter miles finding the defendants lying in the snow in an exhausted state. The next day some of the witnesses retraced the footprints which began at the John Deere building, and along the path of defendants' footprints they found a .357 magnum revolver, a holster, belt and flashlight. These articles were later shown and admitted as belonging to one of the defendants, Mr. Shank.

None of the witnesses was able to identify the figures running from the building and over the field, but they were able to identify that one person wore a dark coat and the other person wore coveralls. When the defendants were apprehended one wore a dark coat and one wore coveralls.

The defendants' testimony was to the effect that they had decided to do some jackrabbit hunting the night of January 24, 1973, and that was the reason they had the gun and flashlight and were dressed in warm clothing and hunting boots. However, before starting out on their hunting trip, the defendants, who were residents of Sioux Falls, South Dakota, stopped at the Old Style Bar for a drink around 6:00 p.m. They played pool, had some beer (six or seven) and met two girls. They took the two girls to the Holiday Inn Coffee Shop and had something to eat. At this point they decided to accompany the girls to a party in Yankton. On the road to Yankton they began to think about how they would get back to Sioux Falls and the girls informed them they would have to find their own way back. Whereupon the defendants left the girls' car and proceeded to the John Deere building in search of a telephone to call a friend to come and get them. While they were at the building they saw a car speed out from behind the building and leave. As they walked around the building they saw the south door ajar and the broken glass panel. Approximately the same time they saw cars approaching from Irene with a rifle extending out of the window of the first car. They panicked and started to run away and as they crossed a fence two shots were fired so they kept on running and got rid of the gun, flashlight and holster. Eventually they were apprehended. It is defendants' contention and testimony that they did not commit a burglary. They were at the building merely to try and use a telephone. They were not able to produce the girls as witnesses since they did not know their names and could not find them.

 The only question on appeal is whether or not the evidence is sufficient to justify the verdict. Granted, the evidence against the two defendants is largely circumstantial, yet this court has consistently held that circumstantial and direct evidence are of equal weight, and it is permissible to prove all elements of a crime with circumstantial evidence. State v. Peck, 82 S.D. 561, 150 N.W.2d 725; State v. Rober, 86 S.D. 442, 197 N.W.2d 707.

The defendants rely on State v. Nelson, 83 S.D. 655, 165 N.W.2d 55, and claim that the evidence in the instant case is not entirely consistent with the defendants' guilt and wholly inconsistent with any rational hypothesis of defendants' innocence.

 The trial court properly instructed the jury when it stated:

"when the State relies upon circumstantial evidence to establish an essential fact or element of the offense charged, you are not permitted to find that such fact or element has been established unless the proved circumstances are not only consistent with the theory that such fact is true or such element of the offense resting on circumstantial evidence has been established but also that such cannot be reconciled with any other rational or reasonable conclusion or explanation therefor."

 The jury, after considering the foregoing evidence and the inferences reasonably to be drawn therefrom, had ample evidence from which a finding of guilt could be found under the instructions of the court, which set forth the findings necessary to sustain such a conviction.

 The rule that circumstantial evidence must be of such a character as to be inconsistent with any reasonable hypothesis of innocence is one for the guidance of the jury in considering circumstantial evidence in a criminal case. State v. Rober, supra; State v. Nydegger, 186 Neb. 61, 180 N.W.2d 892. It does not mean that defendants may escape conviction merely by presenting a set of facts for their defense which is not inconsistent with the state's evidence. In the instant case the defendants' testimony was totally uncorroborated by any other witness. Thus it can hardly be said to be evidence consistent with a reasonable

hypothesis of their innocence. It was for the jury to decide which testimony it believed. This is consistent with the rule stated in State v. Nelson, supra; State v. Guffey, 39 S.D. 85, 163 N.W. 679; State v. Strain, 63 S.D. 639, 262 N.W. 237; and State v. Neiman, 69 S.D. 521, 12 N.W.2d 374.

■ Where conflicting evidence is present, as in this case, and the credibility of witnesses is in issue, then it is a question of fact for the jury. The jury is physically present at the trial and, therefore, in the best position to judge the demeanor and credibility of the witnesses. State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561; State v. Weinandt, 84 S.D. 322, 171 N.W.2d 73.

The jury considered the evidence and concluded that it was sufficient to find the defendants guilty beyond a reasonable doubt and, in so doing, found that the facts were consistent with their guilt and inconsistent with any reasonable hypothesis of innocence.

■ In determining the sufficiency of the evidence on appeal the only question presented to this court is whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilty beyond a reasonable doubt. State v. Nelson, 80 S.D. 574, 129 N.W.2d 54; State v. Peck, supra.

We have reviewed the record and are satisfied that the evidence produced by the state was sufficient to make out a prima facie case from which the jury could reasonably find the defendants guilty of the crime charged.

The judgment of the trial court is affirmed.

All the Justices concur.