# IN THE COURT OF APPEALS OF IOWA

No. 15-1277
Filed February 8, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DENNIS PERRY CORNELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

Dennis Cornell appeals the judgment and sentence entered following his convictions for first-degree robbery and going armed with intent. **CONVICTIONS AFFIRMED AND SENTENCE VACATED IN PART.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kristin Guddall (until withdrawal) and Kevin Cmelik, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Dennis Cornell appeals the judgment entered following his convictions for first-degree robbery and going armed with intent, claiming his trial counsel's errors deprived him of his constitutional right to assistance of counsel. He also challenges his sentence. We affirm his convictions but vacate the portion of his sentence imposing an unauthorized fine on his conviction of going armed with intent as an habitual offender.

**I. Background Facts and Proceedings.**

On September 15, 2015, Tami Hildebrand was working alone at Music Connection, a mobile DJ service and karaoke boutique, when a man wearing a black coat, light blue jeans, and tan work boots entered the store. The man feigned interest in obtaining Music Connection's services for a wedding reception before holding a box cutter to Hildebrand's neck and demanding money. He took around $80 from the cash register and approximately $200 in cash from Hildebrand's purse before attempting to immobilize Hildebrand by securing her hands and feet with zip ties. After the man left, Hildebrand called 9-1-1.

Police officers began searching the area around the nearby Genesis West Hospital for a man matching the description Hildebrand provided. They apprehended Cornell, who matched Hildebrand's description, near the hospital, and Hildebrand identified Cornell as the man who had robbed her. Cornell had a box cutter and $250 in cash in his pocket, plus another $37 inside his wallet. Hildebrand also identified a black coat found in the hospital as the one worn by the robber. There were red zip ties inside the coat.

Cornell was interviewed while in police custody. Before invoking his right to counsel, he denied having been inside Music Connection on that day. Cornell provided a different story at trial, testifying that he and Hildebrand had begun a relationship after being introduced by a mutual acquaintance. Cornell testified that he told Hildebrand he was having financial difficulties and the two hatched a plan to steal money from Music Connection and make it appear like a robbery. Cornell admitted to stealing money from the business and to using a zip tie on Hildebrand to make it appear as a robbery, but he denied brandishing a box cutter. He claimed he did not tell police of Hildebrand's involvement because he was not certain Hildebrand had turned him in.

## II. Ineffective Assistance of Counsel.

Cornell contends his trial counsel's failure to object to alleged prosecutorial misconduct and the introduction of irrelevant evidence. He alleges these errors denied him his constitutional right to representation.

We review ineffective assistance of counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Ineffective assistance of counsel occurs when counsel fails to perform in an objectively reasonable manner under prevailing professional standards, and that failure prejudices the defendant. *See id.* at 494-95. Ordinarily, we preserve such claims for postconviction-relief proceedings, though we will resolve them on direct appeal when the record is adequate. *See id.* at 494.

In order to prove a claim of ineffective assistance, a defendant must prove trial counsel failed to perform a duty and prejudice resulted. *See State v.*

*Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Unless the defendant proves both prongs, the ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495.

Cornell must overcome a presumption that counsel performed competently by showing by a preponderance of the evidence that counsel committed an error so serious it effectively denied him his Sixth Amendment right to assistance of counsel. *See id.* With regard to the prejudice showing, Cornell must prove there is a reasonable probability that the outcome of the proceeding would have been different if counsel had performed competently. *See id.* at 496.

## A. Prosecutorial Misconduct.

Cornell first asserts his trial counsel was ineffective in failing to object to what he alleges was prosecutorial misconduct. He must first prove misconduct occurred. *See Graves*, 668 N.W.2d at 869. If misconduct occurred, Cornell must show it prejudiced him to the extent he was denied a fair trial. *See id.* To make this determination, the court considers: "(1) the severity and pervasiveness of the misconduct, (2) the significance of the misconduct to the central issues in the case, (3) the strength of the State's evidence, (4) the use of cautionary instructions or other curative measures, and (5) the extent to which the defense invited the misconduct." *Id.* (internal citations omitted).

Cornell argues the prosecutor engaged in misconduct during closing argument. First, he alleges the prosecutor improperly commented on his silence by reminding the jury that Cornell could have informed the police of Hildebrand's involvement in the robbery during his interview but failed to do so. He also alleges the prosecutor shifted the burden of proof when, in response to the question posed by his trial counsel in closing as to why the State failed to present

certain evidence, the prosecutor asked why Cornell did not present evidence to the contrary.

A prosecutor may comment upon the defendant's failure to present exculpatory evidence if the comment does not call attention to the defendant's own failure to testify. *See State v. Bishop*, 387 N.W.2d 554, 563 (Iowa 1986). Clearly, the prosecutor here was not calling attention to Cornell's failure to testify as Cornell testified in his own defense. Rather, the prosecutor intended to expose the dearth of evidence supporting Cornell's claim that Hildebrand was complicit in the robbery scheme. Comments on the lack of evidence to support a defendant's version of events are not improper. *See State v. Hines*, 790 N.W.2d 545, 556-57 (Iowa 2010) (distinguishing situations "where the prosecutor generally referenced an absence of evidence supporting the defense's theory of the case" from attempts to impermissibly shift the burden to the defense to call witnesses). Even if the prosecutor's statements amounted to misconduct, Cornell was not prejudiced given the strength of the evidence against him.

**B. Irrelevant Evidence.**

Cornell also argues his trial counsel was ineffective in failing to object to evidence he claims was irrelevant and prejudicial. The evidence in question concerns Neil Hollingsworth, the mutual acquaintance who, Cornell alleges, introduced him to Hildebrand. At trial, Cornell testified he had been involved in a relationship with Hildebrand and stated his knowledge of personal details about her life, including the type of vehicle she drove and family details. When the State recalled Hildebrand to rebut Cornell's claims, she testified that she had never seen Cornell before the day of the robbery, and although she did know

Hollingsworth from high school and had accepted his friend request on Facebook, she did not consider him to be a friend. The State also presented evidence at trial showing that Cornell and Hollingsworth had been inmates in the Scott County jail during the same period before trial and may have had contact. To account for Cornell's knowledge of Hildebrand's personal life, the prosecutor argued that Hollingsworth had learned personal information about Hildebrand from Facebook and shared it with Cornell while they were in jail together.

Cornell argues his trial counsel was ineffective in failing to object to the evidence regarding Hollingsworth because the evidence only suggested, rather than established, a means by which Cornell may have obtained Hildebrand's personal information; therefore, it only provided the jury with an unsubstantiated basis for speculation.

Evidence must be relevant to be admissible. *See* Iowa R. Evid. 5.402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Iowa R. Evid. 5.401. To determine if evidence is relevant, we ask whether it would lead a reasonable person to believe the existence of a consequential fact is more or less probable. *See State v. Putnam*, 848 N.W.2d 1, 9 (Iowa 2014). The evidence at issue would lead a person to believe Cornell's claim he met and dated Hildebrand was less probable, and the evidence is therefore relevant.

No direct evidence was presented to establish that Cornell and Hollingsworth had contact in jail. Cornell complains that the evidence presented showed only a possibility regarding the opportunity for Cornell and Hollingsworth

to communicate while in jail. The State never claimed otherwise. The circumstantial evidence presented here provided facts and circumstances from which the jury could infer Cornell and Hollingsworth spoke while in jail. *See Jennings v. Farmers Mut. Ins. Ass'n*, 149 N.W.2d 298, 301 (Iowa 1967) (distinguishing direct evidence from circumstantial evidence, which "relates to instances where proof is given of facts and circumstances from which the finder of fact may infer other connected facts which reasonably follow"). Direct and circumstantial evidence are equally probative. *See State v. Blair*, 347 N.W.2d 416, 420-21 (Iowa 1984). Although Cornell claims the evidence of communication between the men in jail was "purely speculative," the weight to give the evidence was a question for the jury alone. *See State v. Barton*, 210 N.W. 551, 552 (Iowa 1926) (holding the question of whether the liquid squeezed from a towel used to soak up liquid from an emptied pitcher was the same as the liquid that had been emptied from the pitcher was for the jury to determine).

Even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Iowa R. Evid. 5.403. Cornell complains the evidence was unfairly prejudicial because the verdict hinged on whether the jury believed Cornell or Hildebrand. Though the evidence may have prejudiced Cornell, it was not "unfair" prejudice. *See State v. Thornton*, 498 N.W.2d 670, 675 (Iowa 1993) (noting rule 5.403 does not protect against all prejudicial evidence, only evidence that tends "to suggest decisions on an improper basis, such as an emotional one").

### III. Sentencing.

Cornell also challenges the $750 fine imposed on his conviction for going armed with intent. That conviction was enhanced under Iowa Code section 902.8 as an habitual offender. Because section 902.8 does not provide for imposition of a fine, the court exceeded its authority in imposing the fine. *See State v. Ross*, 729 N.W.2d 806, 809 (Iowa 2007). Therefore, the portion of Cornell's sentence imposing the unauthorized fine is illegal and void, and we vacate it.

**CONVICTIONS AFFIRMED AND SENTENCE VACATED IN PART.**