[Crim. No. 1500. Fourth Dist. Mar. 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. CARLOS GARCIA, Defendant and Appellant.

Barton C. Sheela, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal from a judgment of conviction of sale of narcotics (violation of Health & Saf. Code, § 11501), amidone, after jury verdict of guilty.

## FACTS

On 23 March 1961, Maldonado, through another known user, Espinosa, started out to make contact with one Rubin Azhocar but they saw Rubin's brother, Alfredo Azhocar, driving a 1954 Chevrolet near 38th and National Avenue and contacted him. Defendant was riding as a passenger with Alfredo. Alfredo parked directly in front of Maldonado's car. Espinosa got out, walked to the passenger side of Alfredo's car and talked to the occupants. Maldonado heard none of this talk. Espinosa returned to Maldonado. They waited while Alfredo drove away. Over defense objections, Maldonado was allowed to testify to what Espinosa told him about Espinosa's conversation with Alfredo and appellant. Espinosa was not a witness. Alfredo returned in about five minutes and parked across the street from Maldonado. Appellant was still a passenger. Alfredo walked across to Maldonado and sold to Maldonado, through Espinosa, 2 grams of narcotic amidone for $35.

Over defendant's objection the prosecution introduced evidence that on March 4, 1961, State Narcotics Officer Maldonado, through a known user named Contreras, made contact with defendant in the Logan Heights area near the intersection of 38th and National Avenue of San Diego. Defendant left after the contact, driving a 1948 Buick. In about 10 minutes defendant returned and sold to Maldonado through Contreras 2½ grams of narcotic heroin for the agreed price of $35. The actual sale was all in the presence and hearing of Maldonado, who testified fully thereto. On oral argument we are informed that on this offense of March 4, 1961, defendant was separately charged, tried and convicted and is now serving a term in state prison.

At the time of trial, defendant Alfredo Azhocar had fled to Mexico and codefendant Espinosa had already been sen-

tenced to prison. Thus appellant was the sole defendant present at this trial. Appellant testified he was a passenger in Alfredo's car; that the talk between Alfredo and Espinosa was in Spanish; that he (defendant) did not speak Spanish and did not understand what was said; that his father is Spanish and his mother Italian; that he did not assist Alfredo in any way and knew nothing of the narcotics transaction. He admitted some acquaintance with Espinosa and Azhocar and that he had seen Maldonado on March 4. He denied being a dealer in narcotics. He was not asked whether or not he spoke while Alfredo and Espinosa were conversing during the first contact on March 23, 1961.

## SUFFICIENCY OF EVIDENCE

Appellant contends that the evidence was insufficient, as a matter of law, to sustain the jury's verdict. With this we agree. ■ It is true that on appeal all presumptions and inferences reasonably deducible from the evidence must be indulged in favor of the judgment (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]), and that if the evidence reasonably supports the jury's verdict, the mere fact that it might also be reasonably reconciled with a defendant's innocence will not justify a disturbance of the verdict on appeal. (*People* v. *Love,* 53 Cal.2d 843, 850 [2] [350 P.2d 705].) ■ It is also true that a conspiracy may be proved as the basis for admitting extrajudicial statements of coconspirators made out of the presence of a defendant against whom such evidence is received even though no conspiracy has been charged. (*People* v. *Terrell,* 138 Cal.App.2d 35, 54 [4] [291 P.2d 155]; *People* v. *Richardson,* 152 Cal.App.2d 310, 317 [9] [313 P.2d 651].) ■ Once prima facie evidence of the fact of conspiracy has been established, such extrajudicial statements of the coconspirator made in furtherance of the conspiracy but out of the presence of the defendant against whom they are offered, are classified as an exception to the hearsay rule and may be admitted in evidence. (Code Civ. Proc., §§ 1870 [subds. 6, 7], 1850.) ■ Instructions on conspiracy under such circumstances are proper. (*People* v. *Davis,* 48 Cal.2d 241, 250 [11] [309 P.2d 1].) ■ Proof by circumstantial evidence is sufficient and it is not necessary to prove a physical meeting of the coconspirators as long as the circumstances reasonably show that the conspiratorial agreement has been reached in some manner. (*People* v. *Curtis,* 106 Cal.App.2d 321, 325-326 [4-11] [235 P.2d 51];

*People* v. *Moran,* 166 Cal.App.2d 410, 414 [5] [333 P.2d 243].) Proof of other like crimes may be received in narcotics cases to show knowledge of the narcotics nature, intent, or common scheme or plan. (*People* v. *Smith,* 185 Cal. App.2d 638, 643 [5] [8 Cal.Rptr. 581] ; *People* v. *McCaughan,* 49 Cal.2d 409, 422 [19] [317 P.2d 974] ; *People* v. *Ballard,* 145 Cal.App.2d 94, 98 [5] [302 P.2d 89].)

However, none of these principles advanced by respondent reach the real crux of our difficulty in the present case. Proof of other crimes of like character serves the real purpose of supplying missing elements of intent, knowledge of the character of some act proved to have been done by a defendant or bolstering up otherwise weak evidence of some phase of such matters. Such proof cannot be received to show general tendency to commit crime or to show physical acts by a defendant of which there is no other evidence. [██ In the case here at bar there was no attempt to prove that appellant could understand Spanish. There was no proof of what, if anything, was said except appellant's own uncontradicted testimony. While the jury was not compelled to believe appellant's testimony, this only leaves a blank. There is no evidence that he at any time saw the package handed by Alfredo to Maldonado or knew of its existence. Although very slight evidence of knowledge by defendant of the existence of the package delivered by Alfredo would have been sufficient to support the belief of the existence of a conspiracy between appellant, Alfredo and Espinosa, such proof cannot be supplied by mere conjecture. Without *some* proof of such conspiracy the extrajudicial statement of Espinosa to Maldonado was not admissible. Such an extrajudicial statement cannot itself be used to establish the fact of a conspiracy. (*People* v. *Doble,* 203 Cal. 510, 516 [4] [265 P. 184] ; *People* v. *Walther,* 27 Cal.App.2d 583, 591 [8] [81 P.2d 452] ; *Davis* v. *Superior Court,* 175 Cal.App.2d 8, 24 [11-12] [345 P.2d 513] ; *People* v. *Parker,* 122 Cal.App.2d 867, 872 [4-6] [265 P.2d 933].) In reading the *Parker* case it must be kept in mind that what we are at this point considering is not corpus delicti of narcotic sale as such, but rather, the corpus delicti of a *conspiracy* sought to be used as the vehicle for admission of Espinosa's otherwise inadmissible statement.

Respondent does not point out any evidence, and our own search of the entire record has revealed none, that appellant made any conflicting or false statements about the occurrence

594

of March 23, 1961. The actors on March 23 were Espinosa and Alfredo only. The events of March 4 do not connect themselves to March 23. The complete dearth of any inculpatory word or act by defendant on that date leaves us with mere presence. Mere presence is insufficient. (*People* v. *Foster*, 115 Cal.App.2d 866, 868 [1] [253 P.2d 50].) We have left only conjecture and suspicion respecting appellant's culpability in the events of March 23, 1961, which are the only ones here charged.

We are forced to the conclusion that without the evidence of Espinosa's extrajudicial statements made to Maldonado out of the presence of appellant, the evidence is insufficient to establish culpability of appellant. That evidence having been improperly admitted leaves the sum total of the evidence insufficient to permit the instruction on conspiracy and insufficient to support the verdict of the jury and the ensuing judgment.

What we have said sufficiently covers all other points raised. The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.