STATE OF NEBRASKA, APPELLEE, v. HAROLD EUGENE HUFFMAN, APPELLANT.

148 N. W. 2d 321

Filed February 10, 1967. No. 36349.

Luebs, Tracy & Huebner and Bruce H. Schoumacher, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

SMITH, J.

A jury found defendant guilty of breaking and entering with intent to steal. The district court sentenced him as a recidivist to 15 years imprisonment, and he has appealed. Some of his contentions are as follows: (1) The information was vague in alleging location of the crime. (2) Physical things were received in evidence over two objections: (a) The articles had beeen seized by law enforcement officers in an unreasonable search, and (b) the foundation for admission was insufficient in respect to official custody. (3) The recidivist statute is unconstitutional, and the sentence is otherwise excessive.

The information charged a break and entry into "a building occupied by Hornaday Manufacturing" in the County of Hall, Nebraska. Although it alleged a crime, jurisdiction, and venue, more was required. An accused possesses a right to be informed of the nature and cause of the accusation against him. An information must also be reasonably definite as part of the prospective record for a defense of double jeopardy. Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868.

The sufficiency of an information may vary with the locality. We notice that Hall County is 540 square miles in area and that its population in 1960 was 35,757. A charge of break and entry into a kitchen occupied by John Smith in the County of Los Angeles would be glaringly vague. In contrast the charge against defendant was adequate.

Defendant moved to suppress the use of bricks, ammunition, and a rifle as evidence, alleging an unreasonable search and seizure. The motion was denied at a pretrial hearing, and at the trial the articles were admitted in evidence over renewed objection. In reviewing the rulings we consider all the evidence, at the trial as well as at the hearing on the motion. See, Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Rent v. United States, 209 F. 2d 893; State v.

Randall, 94 Ariz. 417, 385 P. 2d 709; People v. La Bostrie, 14 Ill. 2d 617, 153 N. E. 2d 570.

At 1:30 Sunday morning, February 6, 1966, patrolman Grossoehme of the Nebraska Safety Patrol saw an automobile on the Hornady premises. Two persons were sitting in the front seat of what appeared to be a brown Buick model of 1955 or 1956. The Buick moved along the private driveway and into a public road.

At 2:09 the same morning deputy sheriff Piel discovered a shattered window of the Hornady building. Looking inside, he saw broken glass that had enclosed cases for display of rifles. When he entered the building, he saw in the lobby three small pieces of brick and in the display cases brick dust. The company owner and Grossoehme having arrived, the Grand Island police were notified of the break-in, the missing rifles, and the Buick, which was described.

At 2:45 a.m., officer Kelly, a Grand Island policeman, saw an automobile that fitted the broadcast description. When he turned his red flasher on, the Buick stopped. The driver got out, walked back to the squad car, and identified himself as James Lindhardt, owner of the Buick. The passenger on request also got out and identified himself as Harold Huffman, the defendant. Kelly asked them whether they would mind waiting until officers who were on the way arrived. Defendant and Lindhardt had no objection.

Piel came upon the scene shortly before 3 a.m. Shining his flashlight through a window of the Buick, he saw inside a block of brick and a rifle with brick dust which he mistook for rust. Lindhardt in answering a question said that a friend had lent the rifle to him. On request he handed over the rifle and the block. Responding to an inquiry about ammunition, he opened the glove compartment, removed four boxes of ammunition, and handed over the boxes. No officer had entered the Buick up to that time.

Defendant argues that he was arrested without prob-

able cause when Kelly stopped the Buick. Informal detention is permissible in spite of a lack of probable cause for custody in the tradition of arrest. See, § 29-829, R. S. Supp., 1965; Rodgers v. United States, 362 F. 2d 358; Wilson v. Porter, 361 F. 2d 412; Nicholson v. United States, 355 F. 2d 80; United States v. Vita, 294 F. 2d 524; People v. Mickelson, 59 Cal. 2d 448, 380 P. 2d 658; People v. Peters, 18 N. Y. 2d 238, 219 N. E. 2d 595. The interference with defendant's freedom of movement was lawful, and the officers geared their actions to the state of their knowledge. The search was reasonable.

During a 10-day period official custody of the rifle and some outer clothing taken from defendant and Lindhardt was unusual for authentication. The articles were kept by the sheriff in an unlocked room. They were accessible to employees, to janitors, and at times even to prisoners and visitors. Nothing else, however, supports a permissible inference that anybody tampered with the objects. Piel testified that the condition of the exhibits at the time of initial custody and at the time of trial was substantially the same. Their condition formed a basis for scientific opinion. An expert testified that the block and pieces of brick had similar physical characteristics and that they might have come from the same clay pit. In his opinion brick particles on the rifle and in the clothing were the color type of the block and pieces.

Under the circumstances each exhibit was inadmissible in evidence without authentication in a specific manner. In order for its subsequent condition to be evidential of its prior condition, proof of substantial identity was necessary. Important in such situations are the nature of the exhibit, the circumstances surrounding preservation and custody, and the likelihood of intermeddlers tampering with the object. If substantial identity of one condition with the other condition is reasonably probable, the trial court may receive the exhibit

in evidence. The ruling will not be overturned except for a clear abuse of discretion. See, Brewer v. United States, 353 F. 2d 260; McCormick on Evidence, § 179, note 3, p. 384. Although the precautions taken by the sheriff win no plaudits, reception of the exhibits in evidence was not a clear abuse of discretion.

The sentence was within the discretion of the district court. The contention that the recidivist statute, section 29-2221, R. R. S. 1943, violates constitutional guaranties of due process and equal protection is not persuasive. See, State v. Konvalin, 179 Neb. 95, 136 N. W. 2d 227; Poppe v. State, 155 Neb. 527, 52 N. W. 2d 422; Rains v. State, 142 Neb. 284, 5 N. W. 2d 887; Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82.

Other assignments of error fail to show reversible error. The judgment is affirmed.

AFFIRMED.