STATE OF NEBRASKA, APPELLEE, v. ROGER M. WESSELS, APPELLANT.

176 N. W. 2d 682

Filed April 24, 1970. No. 37438.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant was found guilty of breaking and entering by a jury, and sentenced to 5 years in the Nebraska Penal and Correctional Complex. Issues on appeal involve the admission of a pair of gloves into evidence and sufficiency of the evidence to sustain the conviction.

A general store in Lushton, York County, Nebraska, was burglarized on the night of January 28, 1969. Property taken consisted of change from the cash register, cigarettes, one carton of cigarette lighters, a radio, two wrist watches, and one or two pairs of brown cotton jersey gloves. The owner of the store identified exhibit 6, a pair of gloves, as the kind that he had in the store,

but he could not definitely identify them as the gloves missing from the store. The defendant now contends that property which cannot be positively identified by an owner should not be admitted into evidence against an accused charged with burglary.

If the evidence of the owner was the only evidence relied on, defendant's position might be well taken. In this case, however, an individual who accompanied the defendant to the scene of the crime as either an accomplice or an onlooker testified. He said that upon the defendant's return to the car parked near the store on the night of the burglary, the defendant had several items of property with him, including exhibit 6. He had not had them when he left the car. The witness identified exhibit 6 as the gloves given to him by the defendant at that time. The gloves were traced through the witness to the sheriff's office and introduced during the direct testimony of the deputy sheriff. There was ample foundation to support the admission of exhibit 6.

The trial court's determination of the admissibility of demonstrative evidence will not be overturned except for a clear abuse of discretion. State v. Huffman, 181 Neb. 356, 148 N. W. 2d 321.

The defendant's remaining assignment of error going to the sufficiency of the evidence to support the conviction is untenable. The same witness previously mentioned furnished virtually a step-by-step eyewitness account of the plannnig and execution of the burglary. It was more than sufficient.

The judgment of the district court was correct and is affirmed.

AFFIRMED.