STATE OF NEBRASKA, APPELLEE, v. ALMER BULLARD, APPELLANT.

185 N. W. 2d 864

Filed April 16, 1971. No. 37725.

Stephen E. Cannon, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Almer Bullard, appeals from a conviction for the unlawful sale of narcotic drugs.

The record shows that the defendant sold a package of heroin hydrochloride to a federal narcotics agent in Omaha, Nebraska, on September 11, 1969. The defendant admitted the sale but testified that the package con-

tained sugar instead of heroin. The State's evidence if believed was clearly sufficient to sustain the conviction.

The defendant contends that there was a fatal variance in that the information charged a sale of heroin but the evidence showed a sale of heroin hydrochloride. The contention is without merit.

The statute prohibits the sale of narcotic drugs and defines narcotic drugs to include opium, heroin, and any compound, manufacture, salt, derivative, or preparation of opium. §§ 28-451 and 28-452, R. S. Supp., 1969. Heroin is a derivative of opium. Heroin hydrochloride is the principal compound of heroin and has the same characteristics as heroin. See, The Merck Index (8th Ed.), p. 337; Dorland's Illustrated Medical Dictionary (23rd Ed.), pp. 377 and 613; Gonzales, Vance, Helpern & Umberger, Legal Medicine, Pathology and Toxicology (2d Ed.), p. 849. The variance was not material to the merits of the case or prejudicial to the defendant. State v. Nelson, 182 Neb. 31, 152 N. W. 2d 10.

The defendant also contends that the evidence did not show a complete chain of possession of the package of heroin from the time of the sale until its analysis at the federal laboratory in Chicago. The record shows that the package was in the possession of the agents in Omaha until it was mailed in a sealed envelope to the laboratory in Chicago where it was received with the seal intact. This evidence as to the possession of the package after the sale was sufficient. State v. Tatreau, 176 Neb. 381, 126 N. W. 2d 157.

The defendant also contends that exhibit 5 should not have been received in evidence. The exhibit was a morgue photograph of a witness who had been present at the time of the sale by the defendant. The State was entitled to explain why this witness had not been called, and a photograph was necessary to establish his identity. However, there was no prejudice to the defendant since the exhibit was withdrawn by the court and not shown to the jury.

The judgment of the district court is affirmed.

AFFIRMED.