STATE OF NEBRASKA, APPELLEE, v. THOMAS G. H. GUTIERREZ, APPELLANT.

191 N. W. 2d 164

Filed October 29, 1971. No. 37978.

Beatty, Morgan & Vyhnalek and William S. Padley. for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was convicted of selling canabis sativa or marijuana. On appeal he contends there was error in the selection of the jury panel and in the admission in evidence of a bag of marijuana. He further urges that his sentence is excessive. On review of the record, we are constrained to affirm the judgment of the district court.

It is stipulated that the jury panel was selected in the manner provided by law. Slips numbered 1 to 10, inclusive, are placed in a receptacle and one number is drawn by lot. The list of registered voters, or if none, the poll books, are then opened. The name of the registrant or voter which corresponds with the key number drawn, and every tenth name thereafter, constitutes the names of persons comprising the jury panel, subject to deletion of those ineligible to serve or exempt from service. See §§ 25-1627 and 25-1628, R. R. S. 1943. It is said that Mexican-Americans are not properly represented upon the panels so selected yet the proportionate share of the population of the county comprised of Mexican-Americans is not reflected in the record. This failure, together with the fact that no challenge to the array appears, would ordinarily dispose of the question; however, since a constitutional question may be involved, that facet of the problem will also be considered.

A defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire or jury roll from which petit jurors are drawn. Swain v. State of Alabama, 380 U. S. 202, 85 S. Ct. 824, 13 L. Ed. 2d 759. To be constitutionally impermissible, the exclusion of any given sector of the population from jury duty must be purposeful or intentional. Swain v. State of Alabama, *supra.*

The use of voter registration lists or poll books for jury-selection systems has been repeatedly approved as constitutionally permissible even though the names were

not selected by lot. See, United States v. Butera, 420 F. 2d 564 (1st Cir., 1970); Camp v. United States, 413 F. 2d 419 (5th Cir., 1969); United States v. Caci, 401 F. 2d 664 (2d Cir., 1968).

It is difficult to conceive of a fairer or more practical method of selecting jurors than that used in Nebraska. The names are drawn by lot from lists of voters or registrants. The system is clearly within constitutional limits and renders impossible an intentional exclusion of any element of the population in a state or county where the privilege of voting is open to all who have attained the age required of an elector.

Regarding the admission in evidence of the packet of marijuana, the record reflects its purchase from defendant by a high school boy and that he took it to his home where it was found by his mother who turned it over to a police officer. It was retained in the custody of the police until the police officer produced the exhibit at defendant's preliminary hearing and thereafter it remained in the custody of the court reporter. The packet remained sealed after it came into the possession of the police officer except that he opened it once to remove some of the contents for the purpose of having it tested. Although the witnesses were unable to positively identify the contents as the same as those originally obtained, this fact was established by inference and presented primarily a question of the weight to be given this evidence. Proof that an exhibit remained in the custody of law enforcement and court officers is sufficient to prove a chain of possession. See State v. Bullard, 186 Neb. 709, 185 N. W. 2d 864.

The sentence imposed may, on the record, appear somewhat harsh. The court seriously considered probation, but, due to the defendant's apparent lack of frankness and general attitude, decided against it. The minimum sentence authorized by statute is 2 years. Defendant received an indeterminate sentence of 2 to 3 years. Although the issue is a close one, we cannot say

that the court abused its discretion in denying probation and the sentence imposed, being at about the minimum, leaves little room for reduction. Whether a defendant be sentenced or placed on probation is a matter within the discretion of the trial court. See State v. Swiney, 179 Neb. 230, 137 N. W. 2d 808. Where a sentence has been imposed within statutory limits, it will not be disturbed in the absence of an abuse of discretion. See State v. Trout, 186 Neb. 477, 183 N. W. 2d 923.

Defendant's contentions are lacking in merit and the judgment of the district court is affirmed.

AFFIRMED.