**UNITED STATES of America,**
**Appellee,**

v.

**William P. YOW, Jr., Appellant.**

**No. 71–1428.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1972.

Decided July 19, 1972.

As Modified on Denial of Rehearing
Sept. 13, 1972.

Jess C. Nielsen, Crosby & Nielsen, North Platte, Neb., for appellant.

William K. Schaphorst, U. S. Atty., Omaha, Neb., submitted by Richard A. Dier, U. S. Atty. for the D. of Nebraska, for appellee.

Before GIBSON,* HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

William P. Yow, Jr., appeals his conviction under an indictment charging him with the interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312. For the reasons hereinafter set forth, we reverse the judgment of conviction and remand for a new trial.

The indictment under which Yow was tried and convicted charged that:

> "Between February 2, 1969, and April 26, 1969, WILLIAM P. YOW, JR., transported or caused to be transported a stolen motor vehicle, to wit: a 1969 Chevrolet Impala, from Bakersfield, State of California, to Ainsworth, State of Nebraska, in the District of Nebraska, and he then knew the motor vehicle to have been stolen."

Yow was tried at the same time under a previous indictment charging him and Arthur Carol Strand, in the third count of the indictment, with conspiring with each other and with others to have Art Strand transport a stolen Ford pickup truck in interstate commerce, and to have Art Strand receive, conceal, store or dispose of a stolen Ford pickup truck after it was moved in interstate commerce, in violation of 18 U.S.C. §§ 2312 and 2313. The stolen Chevrolet was not mentioned in this conspiracy charge.

Under this prior indictment, Art Strand was also charged with transporting the Ford pickup truck from California to Ainsworth, Nebraska, knowing it to be stolen, and with receiving, concealing, storing or disposing of that truck, moving in interstate commerce, knowing it to be stolen. Yow, however, was

* Judge Gibson presided at the oral arguments and at the conference of the panel subsequent thereto. He did not participate in the written opinion.

charged only on the conspiracy count in this indictment. Prior to Yow's trial, Art Strand entered a plea of guilty to the first count; the Government then dismissed the second count and the conspiracy charge, but as to Art Strand only.

Yow moved to dismiss the conspiracy count prior to trial. His theory was that since the Government had dismissed that count of the same indictment against Art Strand, this was tantamount to a judgment of acquittal, and he therefore could not have conspired with Strand. The court denied the motion inasmuch as the indictment alleged that Collin Arthur Kerr and other persons, unknown, were also co-conspirators. Yow's pretrial motion for separate trials of the two charges, renewed just prior to trial, was likewise denied.

At the conclusion of the Government's case, the trial court sustained Yow's motion to dismiss the conspiracy count and cautioned the jury to disregard all evidence which had been adduced relating to the Ford pickup truck. He similarly admonished the jury in his instructions. The jury returned a guilty verdict on the charge of interstate transportation of the stolen Chevrolet.

In this appeal, Yow challenges the consolidation for trial of the conspiracy count of the indictment relating to the Ford pickup and the other indictment alleging Yow's interstate transportation of a stolen Chevrolet; the instructions of the trial court, including those relating to the inference arising from possession of a recently stolen automobile; the failure of the Government to pinpoint the date of the alleged interstate transportation of the stolen Chevrolet; the admission of certain eyewitness and hearsay testimony; and the sufficiency of the evidence to support the verdict.

We initially find that the trial court did not abuse its discretion in refusing at the outset to grant separate trials on the two charges. These sufficiently similar offenses were properly joined pursuant to Rules 13 and 8(a) of the Federal Rules of Criminal Procedure, and Yow did not show the joinder to have prejudiced him at that time. *See* United States v. Simon, 453 F.2d 111, 114 (8th Cir. 1971); United States v. Franklin, 452 F.2d 926, 928 (8th Cir. 1971); United States v. Skillman, 442 F.2d 542, 554–555 (8th Cir.), cert. denied, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed. 2d 63 (1971); Johnson v. United States, 356 F.2d 680, 682 (8th Cir.), cert. denied, 385 U.S. 857, 87 S.Ct. 105, 17 L. Ed.2d 84 (1966).

The problem which arose during trial stems from the fact that the Government introduced, over objection, hearsay testimony of statements allegedly made by Art Strand relating to the Chevrolet. Laural Strand, Art Strand's brother, testified that Art Strand told him that he bought the Chevrolet from Yow for $1,000. He also testified that Art Strand told him that Yow had another man rent the Chevrolet, that he had an extra set of keys made, that he drove the car to Ainsworth, and that he flew back to California. Rickie Scott, a friend of Art Strand who knew Yow when he lived in California, was allowed to testify that Art Strand told him that Yow drove a car from California to Ainsworth and then flew back.

This hearsay testimony was apparently admitted because Art Strand was the alleged co-conspirator of Yow. A declaration by a co-conspirator made during and in furtherance of the conspiracy, shown by independent evidence, is admissible under a recognized exception to the hearsay rule. *See* 4 J. Wigmore, Evidence § 1079 (3d ed. 1940).[1]

1. This rule has been codified in the proposed Federal Rules of Evidence (Revised Draft 1971), Rule 801(d), which in pertinent part provides:
"(d) Statements Which Are Not Hearsay. A statement is not hearsay if
\* \* \* \* \*
(2) *Admission by Party-Opponent.* The statement is offered against a party and is \* \* \* (v) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."

"There are many logical and practical reasons that could be advanced against a special evidentiary rule that permits out-of-court statements of one conspirator to be used against another. But however cogent these reasons, it is firmly established that where made in furtherance of the objectives of a going conspiracy, such statements are admissible as exceptions to the hearsay rule. This prerequisite to admissibility, that hearsay statements by some conspirators to be admissible against others must be made in furtherance of the conspiracy charged, has been scrupulously observed by federal courts." Krulewitch v. United States, 336 U.S. 440, 443–444, 69 S.Ct. 716, 718, 93 L.Ed. 790 (1949). See also Lutwak v. United States, 344 U.S. 604, 617, 73 S.Ct. 481, 97 L.Ed. 593 (1953); United States v. Schroeder, 433 F.2d 846, 849 (8th Cir. 1970), cert. denied, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971); Ebeling v. United States, 248 F.2d 429, 437 (8th Cir.), cert. denied sub nom., Emerling v. United States, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261 (1957).

■ This rule has been interpreted to include any concert of action in furtherance of the relationship whether a conspiracy has been charged in the indictment or not. *See* United States v. Sanders, 463 F.2d 1086 (8th Cir., 1972); United States v. Reed, 446 F.2d 1226, 1231 (8th Cir. 1971). The rationale for this rule is, of course, that the act or declaration of one conspirator is considered the act of all conspirators, whether they are present or not. However, this can be true only if the act or declaration was made in furtherance of the conspiracy. Dutton v. Evans, 400 U.S. 74, 81, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

■ The declarations of Art Strand to Laural Strand may have occurred at a time when they could be considered to have been made in furtherance of a conspiracy or concert of action between Yow and Art Strand. Although Laural Strand could not pinpoint the date of the declarations, his testimony implies that it must have been shortly after Yow allegedly delivered the Chevrolet. Art Strand told him that he had bought the auto to rebuild a wrecked 1969 Chevrolet they had in their auto shop. Because these declarations were made shortly after the receipt of the auto, because Laural Strand was Art Strand's partner in the garage, and because Laural Strand helped dispose of the parts, and thus cover up the crime, we cannot say that the district court erred in finding them to have been made in futherance of a conspiracy or concert of action between Yow and Art Strand.

■ The testimony of Rickie Scott stands on a different ground, however. Scott testified that he just happened to be in the shop one day, and because he knew who Yow was, Art Strand told him that Yow had driven the car to Ainsworth and that he had flown back. Scott further testified that these conversations occurred during a three or four month period prior to October 1969; thus, at the earliest, they would have occurred several months after the alleged Dyer Act offense. Although at this time a few parts of the auto remained to be disposed of, we do not find from the record that any conspiratorial relationship continued this long after the actual Dyer Act offense. Yow was paid $1,000 for the Chevrolet, and there is no evidence that he had any pecuniary interest in the sale and distribution of its parts. Once the Chevrolet was delivered and cut up, the objectives of the concert of action were surely achieved. *Cf.* Krulewitch v. United States, *supra*, 336 U.S. 440 at 444, 69 S.Ct. 716. Therefore, we do not find these declarations to have been made in furtherance of the relationship, and they were inadmissible hearsay.

■ We conclude that this hearsay evidence relating to the Chevrolet was erroneously admitted. Moreover, because of the incriminating nature of this hearsay testimony of Rickie Scott, who was the only key witness not involved in

some way with the criminal conduct, the lack of an otherwise strong case by the Government, and the contradictory testimony by Yow and Art Strand,[2] we cannot say that this error was harmless beyond a reasonable doubt. *See* Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

We have considered each of the other arguments advanced by appellant and find them to be without merit.

Reversed and remanded with directions to hold a new trial.

2. Arthur Strand testified for the defense and essentially denied making the statements at issue here. The fact that he did testify has been taken into consideration in determining whether this evidence was prejudicial. *See* United States v. Williamson, 450 F.2d 585, 591 (5th Cir. 1971), cert. denied, 405 U.S. 1026, 92 S.Ct. 1297, 31 L.Ed.2d 486 (1972).

