STATE OF NEBRASKA, APPELLEE, v. STEPHEN LANGER, APPELLANT.

222 N. W. 2d 820

Filed October 31, 1974. No. 39403.

Walter J. Matejka, for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from a conviction and sentence of the defendant for a violation of section 28-4,125, R. S. Supp., 1972, prohibiting the manufacture, distribution, delivery, or dispensing of a controlled substance. The sole assignment of error on appeal is that the verdict was not sustained by sufficient evidence and was contrary to law. We affirm the judgment and sentence of the District Court.

More precisely, the defendant contends that there was insufficient evidence to show a chain of possession by law enforcement officials of the hashish exhibit, which was the foundation of the factual proof necessary to convict the defendant of the charge. In, a brief argument, the defendant contends that after the undercover agent purchased the hashish from the defendant and completed the test at the police station, he put the substance back in his wallet, left the station, went home, and did not lock the evidence up in the property room of the police station. He argues that the undercover

officer did not return to the station for 2 or 3 days and the police property officer did not receive the exhibit until about 3 days after the alleged purchase. He argues that the police officer did not have his wallet on his person at night when he slept and during the entire 3-day period he continued to carry the substance in his wallet. The argument is that he did not follow the customary police procedures and under all the facts and circumstances there was an insufficient foundation for the introduction of the hashish exhibit in evidence and that, therefore, the District Court abused its discretion in receiving the hashish exhibit in evidence.

In similar cases involving controlled substances we have held that proof that an exhibit remained in the custody of law enforcement and court officials is sufficient to prove a chain of possession and is sufficient foundation to permit its introduction into evidence. State v. Gutierrez, 187 Neb. 383, 191 N. W. 2d 164; State v. Huffman, 181 Neb. 356, 148 N. W. 2d 321; State v. Bullard, 186 Neb. 709, 185 N. W. 2d 864. Important in such situations are the nature of the exhibit and the likelihood of intermeddlers tampering with the object. If substantial identity of one condition with the other condition is reasonably probable, the trial court may receive the exhibit in evidence. The ruling will not be overturned on appeal except for a clear abuse of discretion. State v. Huffman, *supra.*

We examine the evidence supporting the trial court's ruling admitting the hashish exhibit in evidence. Officer Robert Runkles was an undercover narcotics officer for the Omaha police department, for approximately 1 ½ years. On September 25, 1972, he went to a North Omaha address with a companion where the defendant opened the door and admitted them. Runkles negotiated and made the purchase of a small amount of hashish from the defendant. He watched the defendant trim this substance from a larger amount and place it in a small piece of tinfoil. He placed the foil packet contain-

ing the suspected hashish in his wallet and then took his companion home. Runkles then went to the Omaha police headquarters at approximately 9:30 p.m., and tested the suspected hashish. The test was positive and then Runkles placed the hashish back in his wallet, left the station, and returned home. Three days later, on the evening of September 28, 1972, Runkles returned to the station, removed the foil packet from his wallet and sealed it in an envelope marked "R. B. 45579F", and placed it in the police property room. Between the evening of September 25, 1972, and September 28, 1972, Runkles testified that the foil packet was always in his presence, in his billfold, except when he slept. Runkles further testified that he had no other substances in his wallet during that time period and made no other purchases. On October 2, 1972, a police officer testified that he transferred an envelope bearing "R. B. 45579F" from the Omaha police department's property vault to a medical laboratory in Omaha for testing. This officer never opened the envelope but hand delivered it to a chemist at the medical laboratory. The exhibit was tested by the chemist who was an expert in drug analysis, at the medical laboratory. The chemist opened the sealed envelope and analyzed the contents on the same day. He testified that the substance tested was hashish. When finished with the test, the chemist placed the remainder of the substance back in the envelope, stapled it shut, and filed it in the vault at the medical laboratory. The defendant does not contend that the chain of possession was insufficient from this point on and consequently it will be unnecessary to discuss the further evidence in this area.

We come to the conclusion that the record reflects a continuous chain of custody from the time of purchase until the analysis of the substance and that the total circumstances surrounding the purchase and the operations of the agent are reasonable and support the foundation for the testimony given at the trial. In reality,

the defendant's contention is an attack upon the irregular nature of the manner in which the undercover agent Runkles handled the exhibit. We simply point out, again, that the chain of custody and its complete and continuous possession by one person is conclusively established by the evidence. It may be true that it is inherent in the nature of an undercover agent's work that he maintain a schedule of hours and general mode of operation different from those of uniformed police officers. The very success of the operation depends upon an almost absolute disassociation with uniformed officers. Considering all the circumstances and the nature of the operation, it does not appear unreasonable, much less being adequate to establish insufficient foundation, that an officer under these circumstances would retain personal custody of the evidence for 3 days prior to turning it into the police property room. We further point out that in State v. Huffman, *supra,* the evidence in question was kept in an unlocked room in the police station where it was possibly accessible to employees, to janitors, and at times even to prisoners and visitors. Nevertheless, this court held that it was important in such circumstances to determine the nature of the exhibit, the circumstances surrounding its preservation and custody, and the *likelihood of intermeddlers* tampering with the object. The court held that the exhibit was properly introduced in evidence and that it was a question for the jury to determine if there had been sufficient intermeddling or tampering with the object under all the circumstances to destroy its credibility. We come to the conclusion that there was ample evidence to sustain the admissibility of the hashish exhibit in evidence and that the defendant's contention is without merit.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.